### JOLY v. NEW YORK & E. R. FERRY CO.

(Supreme Court, Appellate Division, First Department. February 9, 1900.)

PERSONAL INJURY—EXCESSIVE DAMAGES.

    Plaintiff was about to take passage on defendant's ferryboat, when she fell, and received injuries, which her testimony showed consisted of a rupture of the ligaments of the shoulder joint, causing considerable swelling and pain; that she was able to raise her arm but slightly; and that the joint was somewhat stiffened, and she would not entirely regain its use. *Held*, that a verdict of $4,500 was excessive.

Appeal from trial term, New York county.

Action by Minna Joly against the New York & East River Ferry Company. From a judgment for plaintiff, and an order denying a motion for a new trial, defendant appeals. Affirmed conditionally.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Lawrence E. Sexton, for appellant.
Charles Steckler, for respondent.

PER CURIAM. The action was brought to recover damages for personal injuries caused by plaintiff's fall while she was about to take passage on one of the defendant's ferryboats for the purpose of returning from Astoria to her home in New York City on September 26, 1897. The questions of defendant's negligence and plaintiff's freedom from contributory negligence were submitted to the jury upon sufficient evidence, after a full and impartial charge by the court, to which no exception was taken. The trial resulted in a verdict for the plaintiff for the sum of $4,500, and the one question which we deem it necessary to consider, is the claim made, among others, that the damages awarded were excessive. The plaintiff

herself testified that when she fell she fainted, and thereafter went home, and was treated by Dr. Renner for a couple of days; suffered great pain in her left shoulder, which was much swollen, and could not lift her arm; that she then went to Dr. Cook, in the Presbyterian Hospital,—at first three times a week, and then twice a week, for eight or ten weeks; and for a year after the accident suffered pain, from which she is not yet entirely free; that she has not recovered full use of her arm, cannot lie on her left side, and in bad weather cannot sleep nights. Dr. Renner testified that he treated her for three days, and found her shoulder swollen and discolored, and a small fracture of the upper external part of the humerus, and, to avoid expense, advised the plaintiff to go to a hospital. Dr. Cook testified that he treated the plaintiff about a month; that he found a considerable swelling of the left shoulder, and that she was then able to lift her arm but very slightly; that there was a rupture of the ligaments of the shoulder joint, but the bone was not displaced, and there was no dislocation or fracture; that in raising the humerus the scapula moved with it, which means ankylosis of the shoulder joint; that the plaintiff is not able to use the shoulder joint, and can lift her arm only to a right angle, and cannot use her arm for work; that the joint is somewhat stiff, and she will not entirely regain its use; that his examination before the jury confirmed his previous opinion. Dr. Townsend testified, for the defendant, that when he examined the plaintiff there was no swelling of the joint, or deformity, or sign of dislocation or fracture; that, on raising the plaintiff's arm, she shrieked, but afterwards he observed that she herself raised her arm without apparent suffering; that he found no evidence of ankylosis or stiffening of the joint, except a slightly restricted motion; that she has a good joint.

Considering the nature and extent of the injuries, it is evident that the verdict was for more than double the amount to which the plaintiff was entitled. If the plaintiff will consent to reduce the verdict to $2,000, then for that amount and costs the judgment should be affirmed; but, upon her refusal to do so, then the judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event.